The Honorable Cecile Bledsoe State Representative 9 Sky Mountain Drive Rogers, AR 72756
Dear Representative Bledsoe:
This is in response to your request for an opinion on the following questions concerning the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. ((Repl. 1996 and Supp. 1999):
 1. What is a meeting? (Please refer to the FOIA Handbook, p. 16, where it reads: "If two members meet informally to discuss past or pending business, that meeting may be subject to FOIA.")
 2. May two members of a state board discuss matters of concern of the board by telephone, or exchange of e-mails or faxes without violating the FOIA?
 3. If two members desiring to discuss such matters by telephone, e-mail or exchange of faxes is subject to the FOIA, how can they comply with the Act?
RESPONSE
Please note that I have enclosed a copy of Attorney General Opinion99-018, issued by this office on March 22, 1999, which addresses most of these questions. I will not restate the substance of that Opinion, except to reiterate that the question as to whether a discussion between two members constitutes a "meeting" cannot be satisfactorily addressed in the hypothetical. As stated in the FOIA Handbook (9th ed. 1999) at page 16, "[t]his question will turn on the facts of each case." Until the Arkansas Supreme Court is squarely faced with the question, or the legislature clarifies this issue, there can be no hard and fast rule that two members of a governing body either do or do not always make a meeting under the FOIA.
With regard to two members exchanging faxes, I believe that this would generally be viewed as analogous to written correspondence. The fax would be a "public record," assuming that it constituted a record of the performance or lack of performance of official functions (A.C.A. §25-19-103). But it would not be a "meeting."
If it is determined, based upon the particular facts at hand, that the telephone or e-mail discussion is subject to the FOIA, then the FOIA will require that notice be given to the press and public. See A.C.A. §25-19-106 (Supp. 1999). There must also be some means of safeguarding the public's right to hear or monitor the telephone conversation or the electronic discussion, e.g., by use of speaker phones or by logging on to the computer network. See generally J. Watkins, The Arkansas Freedom ofInformation Act 281 (3rd ed. 1998). If safeguards are not present, the meeting will violate the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh